# In the United States Court of Federal Claims

No. 11-297C
(Filed: March 17, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
DAVITA HEALTHCARE PARTNERS,                      *   RCFC 26(c)(1); Protective Order;
INC. (f/k/a/ DAVITA INC., f/k/a TOTAL            *   Redactions; Public Access to Court
RENAL CARE HOLDINGS, INC., f/k/a                 *   Documents.
MEDICAL AMBULATORY CARE                          *
DELAWARE, INC.), and PHYSICIANS                  *
DIALYSIS, INC., and PHYSICIANS                   *
DIALYSIS VENTURES, INC., and 175                 *
DIALYSIS CENTER OWNERS (d/b/a                    *
1,462 DIALYSIS CENTERS),                         *
                                                 *
              Plaintiffs,                        *
                                                 *
       v.                                        *
                                                 *
THE UNITED STATES,                               *
                                                 *
              Defendant.                         *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

    Bobby R. Burchfield and Matthew M. Leland, King & Spalding LLP, 1700 Pennsylvania Avenue, NW, Suite 200, Washington, D.C. 20006, and Paul M. Thompson, McDermott Will & Emery LLP, 500 North Capitol Street, NW, Washington, D.C. 20001, for Plaintiffs DaVita HealthCare Partners Inc. and 1,236 Dialysis Center Owners (Wholly Owned Entities).

    Jason A. Levine and Thomas W. Bohnett, Vinson & Elkins LLP, 2200 Pennsylvania Avenue, NW, Suite 500 West, Washington, D.C. 20037, for Plaintiffs 175 Dialysis Centers (Joint Venture and Managed Entities).

    Benjamin C. Mizer, Robert E. Kirschman, Jr., Martin F. Hockey, Jr., and John S. Groat, United States Department of Justice, Civil Division, Commercial Litigation Branch, PO Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant. Jason Fragoso and Frank V. DiNicola, Department of Veterans Affairs, Office of General Counsel, of Counsel.

## ORDER

On March 10, 2017, Defendant filed a motion for clarification or leave to file redacted copies of documents previously filed under seal. Briefing concluded on March 16, 2017. Defendant "proposes filing redacted versions of numerous previously-sealed filings" with redactions of Protected Information and Protected Health Information. Defendant served its proposed redactions on Plaintiffs. Plaintiffs opposed the motion on the grounds that the case has been resolved and reviewing documents for redaction at this juncture would be unduly burdensome and costly. Plaintiffs contend that the previously sealed filings "still include competitive data on Plaintiffs' charges for dialysis services, contract proposals, and excerpts of deposition testimony designated 'confidential'" as well as nonparty protected information. Plaintiffs further argue that the cost to review these 1,645 pages of documents outweighs "the Government's sudden purported interest."

The instant motion highlights an issue that continues to plague this court - - the tension between the presumption of public access to court documents, and the interest of litigants in protecting their proprietary or personal data from public view. Here, because Plaintiffs seek to avoid reviewing the previously sealed filings, they have not identified the substantive harm that they would suffer if the sensitive information in the filings were disclosed. Instead, Plaintiffs have raised procedural barriers to engaging in a review of documents - - the fact that the case is over and their review of voluminous documents would be costly. This Court is sympathetic to the fact that Plaintiffs have been litigating this action for almost six years and that Defendant's request for redactions does come very late in the game. However, these considerations of timing and cost are outweighed by the "strong presumption in favor of a common law right of public access to court proceedings." In re Violation of Rule 28(D), 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.")). In determining whether to restrict the public's access to court documents, the Court must "weigh[] the interests advanced by the parties in light of the public interest and the duty of the courts." Nixon, 435 U.S. at 602.

Under Rule 26(c)(1), protective orders restricting the disclosure of information may only be issued for "good cause." RCFC 26(c)(1). Plaintiffs as the party seeking protection bear the burden of demonstrating that there is good cause for restricting the disclosure of the filings. In re Violation of Rule 28(D), 635 F.3d at 1357 (citations omitted). "For good cause to exist, the party seeking to limit the disclosure of discovery materials must show that 'specific prejudice or harm will result if no protective order is granted.'" Id. (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002)). Here, Plaintiffs have not met their burden of demonstrating "specific prejudice" in raising generalized claims of timing and cost to maintain blanket sealing of documents.

This Court has an obligation to determine whether filings should be made available to the public. As the Federal Circuit recognized, this Court "cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public."

In re Violation of Rule 28(D), 635 F.3d at 1358 (quoting Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th Cir. 1996)).

## **Conclusion**

Defendant's motion for leave to file redacted copies is **GRANTED in part**, subject to the conditions below.

The parties shall discuss Plaintiffs' substantive objections to Defendant's proposed redactions. If the parties continue to dispute what material should be redacted, they shall file a joint notice requesting a status conference, briefly stating their disagreement.

Defendant shall not file redacted copies on the public docket until the parties agree on redactions or the Court so orders.

    s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**